**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **YOSELIN CELENA CRUZ ARRIAZA-DE RODAS** | **CASE NO. 6:26-CV-00961 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN SOUTH LOUISIANA I C E PROCESSING CENTER ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Temporary Restraining Order ("TRO"), Motion for Expedited Response, and Motion for Hearing [Doc. No. 25] filed by Petitioner, Yoselin Celena Cruz Arrianza-DeRodas ("Petitioner").

For the following reasons, the Motion for TRO is **GRANTED**, temporarily, and all other Motions are **DENIED**.

Petitioner, a citizen of Guatemala, entered the United States with her three minor children, without being admitted or inspected, on or about October 2, 2023.[1] Petitioner presented herself to U.S. Border Patrol, affirmatively requesting protection.[2] The Department of Homeland Security ("DHS") held the family for approximately two to three days before releasing Petitioner into the United States under the Intensive Supervision Appearance Program, including her three children

[1] [Doc. No. 13, p. 6]; [Doc. No. 1, p. 11].
[2] [Doc. No. 1, p. 11].

as riders on her proceedings.[3] Petitioner alleges to have complied with all conditions of her release.[4]

On March 12, 2025, an Immigration Judge issued Petitioner an order of removal to Guatemala but granted Petitioner relief by withholding removal to Guatemala.[5] The removal order became administratively final immediately as both parties waived appeal.[6] On February 13, 2026, Petitioner's Order of Supervision was revoked and she was arrested during a routine check-in at the Immigration and Customs Enforcement ("ICE") office in Silver Spring, Maryland.[7] The Notice of Revocation of Release detailed Petitioner's Order of Supervision was revoked because there were changed circumstances and the revocation was in the public interest.[8] The Notice informed Petitioner that Mexico was willing to accept her for third-country removal and stated she would have the opportunity during an informal interview to respond to the reasons for revocation.[9] On the same day, Petitioner also received a Notice that she was to be removed to Mexico.[10] Petitioner refused to sign both the Notice of Revocation of Release and the Notice of Removal to Mexico.[11] Petitioner was later transferred to South Louisiana Correctional Center in Basile, Louisiana, where she remains today.[12] Petitioner filed a Petition for Writ of Habeas Corpus ("Habeas

[3] [Id.].
[4] [Id. at p. 12].
[5] [Doc. No. 13-1, pp. 1, 6].
[6] [Id.].
[7] [Id. at p. 16]; [Doc. No. 1, p. 14].
[8] [Doc. No. 13-1, p. 14].
[9] [Id.].
[10] [Id. at p. 15].
[11] [Id. at pp. 11, 15].
[12] [Doc. No. 1, pp. 2, 14].

Petition") [Doc. No. 1] challenging the legality of her continued detention and the legality of her third-country removal to Mexico.[13]

On March 12, 2025, an Immigration Judge entered a final order of removal and withholding to Guatemala.[14] As Petitioner and the DHS waived appeal, the order of removal was final. *See* 8 C.F.R. § 1241.1(b) ("An order of removal by the immigration judge shall become final upon waiver of appeal by the respondent.") (citation modified). On May 7, 2026, the Circumvention of Lawful Pathways Rule—a regulation relied upon by the Immigration Judge in entering the final order of removal—was vacated.[15] As such, the Immigration Judge granted reopening of Petitioner's case on July 22, 2026, and set a Masters hearing, for August 13, 2026,to address the awarding of asylum.[16]

Petitioner now seeks a TRO, prohibiting Respondents from removing Petitioner while her habeas petition and her reopened removal proceedings remain pending.[17] Petitioner argues that her assigned ICE officer advised Petitioner's immigration counsel that ICE "intends to deport her imminently" even though the Immigration Judge presiding over of her underlying case has reopened her removal proceedings.[18]

This Court finds that temporary relief is warranted to preserve the status quo while the Immigration Judge assesses Petitioner's reopened claim. An alien who has

---

[13] [Id. at pp. 2–3].
[14] [Doc. No. 13-1, p. 20–23].
[15] [Doc. No. 25, p. 2–3]. *See also East Bay Sanctuary Covenant, et al., v. Trump, et al.*, No. 18-CV-06810-JST, 2026 WL 1256873, at *1 (N.D. Cal. May 7, 2026).
[16] [Doc. No. 24-1, p. 1]; [Doc. No. 24-2].
[17] [Doc. No. 25, p. 6].
[18] [Id. at p. 1].

filed a motion to reopen immigration proceedings for consideration of relief from removal, including withholding or deferral of removal pursuant to 8 CFR 208.16 or 208.17, shall remain subject to the provisions of this section unless the motion to reopen is granted. 8 C.F.R. § 239.2(a). Other courts have also stayed petitioner's removal while asylum claims are pending. *See Polina v. Noem*, 2025 WL 4054419 at *4 (M.D. Fla. July 8, 2025); *Bogomazov v. United States Dep't of Homeland Sec.*, No. 1:20-CV-24482, 2022 WL 769801, at *17 (S.D. Fla. Feb. 27, 2022). While it appears that Petitioner's hearing has concluded, the Court is uncertain as to the outcome of those proceedings.

Accordingly,

**IT IS ORDERED** that the Petitioner's Motion for Temporary Restraining Order [Doc. No. 25] is **GRANTED**, until the Court can address the resolution of Petitioner's Master Calendar Hearing.

**IT IS FURTHER ORDERED** that Petitioner shall file a status report no more than two days after the Immigration Judge issues a decision regarding her asylum application.

**IT IS FURTHER ORDERED** that the Motion for Expedited Response and the Motion for Hearing [Doc. No. 25] are **DENIED.**

MONROE, LOUISIANA, this 28th day of August 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE